UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | Case No. 25-cv-07709-RS<br><br>**ORDER DENYING MOTION TO STRIKE AND RESETTING BRIEFING SCHEDULE FOR MOTION TO DISMISS** |

Plaintiff moves to strike defendant's amended notice of its motion to dismiss (Dkt. No. 17), contending both it and the original motion to dismiss (Dkt. No. 7) were not properly served. Plaintiff makes two arguments. First, he contends the certificates of service attached to both documents should have stated they were signed under penalty of perjury "under the laws of the United States of America." Plaintiff relies on 28 U.S. Code § 1746. That section, however, only requires reference to the laws of the United States when a verification is executed outside the United States. See 28 U.S. Code § 1746 (1). For declarations executed "within the United States, its territories, possessions, or commonwealths," no such reference to federal law is required. See 28 U.S. Code § 1746 (2). Although the reference in defendant's verifications to the laws of the State of California was not required by the statute either, it does not render them improper or insufficient.

While his argument is not entirely clear, plaintiff also seems to be objecting that the papers were served on him by email, when he has not consented in writing to service by that means.

Plaintiff is correct that unless and until he provides written consent for service by email, papers should be served on him by U.S. Mail (or personal service), and certificates of service should reflect such service. In this instance, however, plaintiff obviously has already received actual notice of the filings. Moreover, because the briefing schedule was vacated, and is now being reset, he cannot contend he has been prejudiced. Striking the existing notice and motion and requiring defendant to refile and re-serve the papers would serve no purpose. Accordingly, the motion to strike is denied.

Plaintiff has now paid the filing fee, permitting this action to go forward. As noted in a prior order, plaintiff's purported "motion" objecting to defendant's use of judicial notice will be considered in conjunction with his opposition to the motion to dismiss, which he filed at Dkt. No. 16. To avoid any possible claim of prejudice that might otherwise arise as a result of the procedural history of this matter, plaintiff may file any supplemental opposition to the motion to dismiss (not to exceed 15 pages) no later than November 21, 2025. Defendant may file a reply brief no later than December 3, 2025. The matter will then be submitted without oral argument, pursuant to Civil Local Rule 7-1(b).

**IT IS SO ORDERED**.

Dated: November 4, 2025

_____
RICHARD SEEBORG
Chief United States District Judge