UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

          Plaintiff,

    v.

AMERICAN AIRLINES, INC.,

          Defendant.

Case No. 25-cv-07709-RS

**ORDER GRANTING MOTION TO DISMISS AND DENYING OTHER PENDING MOTIONS**

Beginning in 2025, pro se plaintiff Sergey Firsov filed nearly twenty actions in this district, most of which name airlines as defendants. In this case, Firsov complains American Airlines improperly charged him $150 to carry his dog in the cabin on a domestic flight that he contends was a continuation of an international flight for which he had already paid a pet fee. Three motions are presently pending.

Motion to dismiss

Defendant American Airlines, Inc. seeks dismissal under Rule 12(b)(3) of the Rules of Federal Procedure for improper venue, and under Rule 12(b)(6) for failure to state a claim. Dkt. No. 7. Firsov's first response to the motion to dismiss was labeled as "motion to improper use of judicial notice." Firsov argued the motion to dismiss improperly requested the court consider "matter outside the pleadings," and requested it therefore be treated as a motion for summary judgment. Dkt. 12. Shortly thereafter, Firsov filed an opposition addressing the merits of the

motion to dismiss. Dkt. 16.

One week later, Firsov filed a motion (Dkt. No. 21) seeking to "strike" both the motion to dismiss (Dkt. No. 7) and the re-notice of that motion (Dkt. No. 17), based on an argument that the certificates of service attached to those documents were deficient. The motion to strike was denied for the reasons set out in the order filed on November 4, 2025. Dkt. No. 25. That order further provided:

> To avoid any possible claim of prejudice that might otherwise arise as a result of the procedural history of this matter, plaintiff may file any supplemental opposition to the motion to dismiss (not to exceed 15 pages) no later than November 21, 2025.

Firsov did not file any supplemental opposition to the motion to dismiss.

American Airlines contends dismissal under Rule 12(b)(3) is warranted because plaintiff has not shown venue is proper in this district under 28 U.S. Code § 1391(b). American Airlines is correct that the complaint does not allege facts showing that venue lies under either subsection (b)(2), which permits venue where a "substantial part of the events or omissions giving rise to the claim occurred," or subsection (b)(3), a "catch-all," permitting venue in any district with personal jurisdiction, if no district otherwise qualifies under the preceding subsections.

Venue is proper, however, under § 1391(b)(1), which permits suit in "a judicial district in which any defendant resides," if there are no defendants resident in other states. American Airlines argues it does not "reside" in this district because it is a wholly-owned subsidiary of American Airlines Group Inc., a Delaware corporation, with a principal place of business of Fort Worth, Texas. For purposes of venue, however, an entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). American Airlines has not argued it is not subject to personal jurisdiction in this district, and there are no other defendants. Accordingly, venue is proper and the motion to dismiss under Rule 12(b)(3) must be denied.

American Airlines' motion to dismiss under Rule 12(b)(6) for failure to state a claim, in contrast, must be granted. This conclusion does not turn on consideration of any materials

United States District Court
Northern District of California

American Airlines submitted under its request for judicial notice. Firsov has not alleged sufficient facts to show American Airlines breached any contractual or other duties to plaintiff, or that the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (the "Montreal Convention") has any applicability here.

Additionally, Firsov's opposition brief acknowledges he has been refunded the $150 fee that his complaint alleges represents his primary damages. *See* Dkt. No. 16, "Statement of Facts," para. 4., "Defendant refunded $150 pet fee." Firsov's complaint fails to allege facts sufficient to support his other damage claims. Accordingly, the motion to dismiss is granted.

While it appears unlikely that Firsov has a good faith basis to amend, in light of his pro se status, he will be given the opportunity to file an amended complaint against American Airlines, without adding additional defendants, no later than February 27, 2026. In the event no amended complaint is filed, this action will be dismissed without further notice. Accordingly, the Case Management Conference set for February 26, 2026, is vacated and will be reset if, and only if, an amended complaint is filed.

Motion for reconsideration

Firsov filed a motion for reconsideration (Dkt. No. 28) of the order denying his motion to strike the motion to dismiss, without seeking leave to do so, as required by Civil Local Rule 7-9(a). Putting aside that failure, Firsov has shown no valid basis for reconsideration. Again, even assuming any technical defect in service, Firsov was given extra and ample time to file opposition. The motion for reconsideration is denied.

Motion for leave to amend

Firsov seeks leave to amend to add defendants who he contends are also liable for the alleged wrongdoing of American Airlines. Notwithstanding the general policy favoring leave to amend, in these circumstances where there is little basis to conclude Firsov has a viable claim against American Airlines, it would not be in the interests of justice to allow amendment bringing

United States District Court
Northern District of California

in other defendants alleged to be derivatively liable. Accordingly, the motion for leave to amend to add parties is denied, without prejudice to renewal if Firsov ultimately is able to state a claim against American Airlines.

**IT IS SO ORDERED**

Dated: February 12, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

CASE NO. 25-cv-07709-RS

4